625 A.2d 1266

COMMONWEALTH of Pennsylvania,

v.

**Rayford ALLEN, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1993.

Filed June 10, 1993.

Mark J. Shire, Monessen, for appellant.

Allen P. Powanda, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before ROWLEY, Presiding Judge, and TAMILIA and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the judgment of sentence following appellant's conviction by a jury of possession of a controlled substance (cocaine) (35 P.S. § 780–113(a)(16)), possession with intent to deliver (cocaine) (35 P.S. § 780–113(a)(30)), delivery

of a controlled substance (cocaine) (35 P.S. § 780–113(a)(30)) and criminal conspiracy (18 Pa.C.S.A. 903(a)(1)).

Appellant challenges the sufficiency of the evidence to support his conviction for possession and possession with intent to deliver [1] on the theory of accomplice liability and contests the sufficiency of the evidence to sustain his conviction for criminal conspiracy. Appellant also claims that his sentence was based upon erroneous factors. We affirm.

Since appellant challenges the sufficiency of the evidence relating to his convictions for possession, possession with intent to deliver and criminal conspiracy, it is necessary to set forth the factual scenario giving rise to the instant charges as delineated by the trial court in its opinion written in support of its denial of post-verdict motions:

Following a jury trial held February 4 and 5, 1992, [appellant] was found guilty on charges of possession of controlled substance, possession with intent to deliver a controlled substance, delivery of controlled substance, [sic] and criminal conspiracy. The theory pursued by the Commonwealth with regard to the first three (3) charges was accomplice liability on the part of [appellant].

In this case, detectives Anthony Marcocci and Terrance Kuhns, of the Westmoreland County Detectives Bureau, were working in an undercover capacity in the area of Bar 20 in the City of Monessen. On July 14, 1989, the evidence shows that [appellant] approached the automobile occupied by detectives Marcocci and Kuhns. At this time, the detectives were speaking with Donald Payne. Mr. Payne and the detectives had been discussing the possibility of a purchase of cocaine. The detectives were discussing with Mr. Payne the amount of cocaine that would be purchased as well as the price to be paid therefore [sic]. As this conversation was occurring[, appellant] initiated his involvement in this conversation and informed the detectives that he and Mr. Payne had the same supplier, that the cocaine was good and

---

1. Appellant challenges the sufficiency of the evidence relating only to the possession aspect of this offense. He concedes that the evidence was sufficient as to delivery.

was worth the price of $150. At that point, Detective Marcocci told Mr. Payne to check with his supplier and see if [he] could come down on the price because he was unwilling to pay $150 for the purchase. At that time, Mr. Payne then left the area of the vehicle and walked back towards the area of the front door of Bar 20. Mr. Payne then returned to the vehicle, displayed the cocaine, received $130 from Detective Marcocci, and Mr. Payne provided the cocaine to him. Mr. Payne asked for and received $10 from Detective Marcocci for his role in the transaction. [Appellant] then asked the detectives to take him for a ride, and during this ride[, appellant] asked for some of the cocaine or money for 'setting up the transaction'....[2]

Trial Court Opn., p. 2.

We first address appellant's sufficiency claim relating to his conviction for criminal conspiracy. "The intent required for criminal conspiracy is identical to that required for accomplice liability. In both crimes, a defendant must act with the 'intent of promoting or facilitating the commission of the offense.'" *Commonwealth v. Davenport*, 307 Pa.Super. 102, 110, 452 A.2d 1058, 1062 (1982). Proof of a conspiracy requires a showing that the defendant reached an agreement with a co-conspirator to commit a crime. No such showing is necessary to find accomplice liability, as mere rendition of aid is sufficient. *Commonwealth v. Graves*, 316 Pa.Super. 484, 463 A.2d 467 (1983). Therefore, if we find sufficient evidence to sustain appellant's conviction for criminal conspiracy, *a fortiori*, appellant's challenge to the sufficiency of the evidence relating to possession and possession with intent to deliver on the theory of accomplice liability necessarily fails. Proof of

2. Shortly after the discussion between the detectives and Donald Payne had begun, appellant arrived and entered into the conversation about the purchase of drugs. Not long after his arrival, appellant invited himself into the back seat of the detectives' vehicle. After the completion of the sale of the cocaine, appellant, who remained in the detectives' vehicle, asked for a share of the cocaine for "setting up the transaction". When the detectives refused, appellant then requested money. When the detectives again refused, appellant departed from the vehicle to attempt to obtain a portion of the money which the detectives had given to Donald Payne for his part in "setting up the transaction". N.T. 2/5 & 6/92, 57–59; 108–09.

conspiracy may be based upon circumstantial evidence since the nature of the crime is susceptible of proof usually only circumstantially. *Commonwealth v. Davenport, supra.* Where the evidence, together with reasonable inferences, is sufficient to prove guilt beyond a reasonable doubt, the fact that the evidence shows a defendant's participation in an unlawful act circumstantially does not preclude conviction. *Id.* A conspiracy may be found to exist by consideration of the conduct and circumstances of the parties and the overt acts of the co-conspirators. *Id.* In order to prove a conspiracy, the Commonwealth must show an agreement existing between or among the co-conspirators. Mere association is insufficient as is mere presence at the scene of the crime unless the defendant had prior knowledge of the conspirator's(s') criminal intent. However, mere knowledge of a proposed unlawful act is insufficient without a showing that the defendant was an active participant in the criminal enterprise and that he had knowledge of the agreement. *Id., citing Commonwealth v. Lynch,* 270 Pa.Super. 554, 411 A.2d 1224 (1979).

In *Davenport,* an undercover police officer and his informant were standing on a street corner when a vehicle approached and then parked when the informant stated something to the driver. Neither the driver nor his passenger stepped out of the automobile. A discussion took place with the undercover officer and the informant standing outside on the passenger side of the vehicle. The appellant, Davenport, was the passenger and was observed by the undercover officer. In the course of the discussion, the driver stated that he only had a "boy", which is street jargon for a fifty dollar package of heroin. The undercover officer asked if he could have three packages for one hundred twenty dollars. The driver and the undercover officer negotiated the price at one hundred twenty-five dollars. The undercover officer handed the appellant one hundred thirty dollars. The money was then passed to the driver who, in turn, gave the packages to the appellant who gave them to the undercover officer. The appellant asked the driver for change so that he could return five dollars to the undercover officer. When the driver replied

that he had no change, the appellant left the automobile to obtain change at a local tavern. Upon his return, he gave the change to the undercover officer.

The *Davenport* court distinguished its earlier decision in *Commonwealth v. Stephens*, 231 Pa.Super. 481, 331 A.2d 719 (1974), where the third person to a drug transaction, a store proprietor, was held not to have been a co-conspirator to a drug transaction between an employee and an undercover state police officer because the proprietor took no part in the sale, did not assist the employee in any way and received no money from him. The store proprietor did overhear a conversation between the employee and the undercover officer concerning the drug transaction, but the *Stephens* court held that although this was an inference of knowledge of what was transpiring, it did not give rise to a further inference of an agreement between the proprietor and the employee. The *Davenport* court pointed out that the appellant there overheard the discussion between the driver and the undercover officer to purchase the heroin and was cognizant of the meaning of the term "boy". The court stated that this gave rise to the inference of knowledge by Davenport that a drug transaction was taking place. Acknowledging that mere presence and knowledge without more are insufficient, the *Davenport* court noted that it was necessary to determine whether the evidence could support the establishment of a conspiratorial agreement and the necessary intent, both of which were capable of circumstantial proof.

The *Davenport* court found it significant that the appellant there was cognizant of the quantity (i.e., the jargon used) and the price of the heroin, that he handled the money and the heroin during the transaction and that he asked the undercover officer if the latter had the correct amount to consummate the purchase. He also, of his own volition, alighted from the automobile to secure the correct change from a tavern. The court concluded from this that active participation in a conspiracy could be inferred.

The case at bar is similar to *Davenport*. Appellant was a witness to the discussion of the purchase of the cocaine,

first having stood near the detectives' vehicle and then having invited himself into the back seat. Apparently, the two detectives, appellant and Donald Payne were acquainted with each other, and it could be inferred from the testimony adduced at trial that their common bond was drug trafficking. Moreover, when the detectives expressed doubt about the price of the cocaine relative to the amount involved, appellant was quick to assure the detectives that the cocaine was worth the price because he and Donald Payne were dealing with a common supplier. It is also not without significance that after Donald Payne had given the detectives the cocaine and had departed from the scene, appellant remained in the detectives' vehicle and asked them for a share of the cocaine for his role in "setting up the transaction". After having been refused, appellant again asked the detectives for money for his role in "setting up the transaction". When the detectives once again refused, appellant stepped from the automobile to seek out Donald Payne at the Bar 20 for this purpose.

We deem this to be more than just an inference of knowledge of the transaction taking place. Instead, we would consider this conduct tantamount to active participation in a conspiratorial agreement between appellant and Donald Payne to possess and sell cocaine on the basis of *Commonwealth v. Davenport, supra.*

■ Since we have determined that the evidence is sufficient to sustain appellant's conviction for criminal conspiracy, *a fortiori*, we also deem the evidence adduced for the offenses of possession and possession with intent to deliver to be similarly sufficient. *Commonwealth v. Davenport, supra; Commonwealth v. Graves, supra. See* discussion at p. 617–619 of 425 Pa.Super., at p. 1268 of 625 A.2d, *supra.*

Appellant also claims that at the sentencing hearing of July 21, 1992, the trial court made two factual errors upon which it based appellant's sentence for delivery of a controlled substance. Appellant received a sentence of four to eight years' incarceration on this count to run concurrently with the sentence earlier imposed on two counts of possession of a controlled substance, one count of delivery of a controlled sub-

stance and one count of criminal conspiracy. Since this issue bears upon the trial court's discretion in imposing sentence, appellant is obliged to comply with the requirements of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.App.P. 2119(f). Appellant has failed to comply with the requirements of both *Tuladziecki* and Rule 2119(f), and the Commonwealth has objected to this non-compliance. However, the Commonwealth has, alternatively, argued the merits of this issue. Since the discretionary claim which appellant raises on appeal is belied by the record and is, consequently, meritless, we will address the merits of this issue.

Appellant first maintains that the sentencing court based the sentence upon a misunderstanding that appellant's drug involvement continued until almost the time of his arrest. Appellant points to an excerpt from the testimony taken at the sentencing hearing on counts five through eight. The court there stated that appellant had been involved in drug activity in the State of Maryland, which activity had continued almost up to the time of his arrest on the instant charges. Appellant contends that he was not involved in drug trafficking since 1990 and that although the instant crime occurred in 1989, he was not arrested until 1991. Evidence was introduced at the hearing that appellant was unsuccessfully discharged from a drug/alcohol program in 1990, that he had had several convictions in Maryland and that his arrest on the instant charges did not occur until 1991 because he was incarcerated in Maryland and had to be extradited.

The second alleged misrepresentation of which appellant complains, which is similar to the first, is the court's statement that appellant's efforts at rehabilitation have not been fruitful. This statement is borne out by the record made at the sentencing hearing of July 21, 1992, on counts five through eight wherein evidence was introduced of appellant's unsuccessful discharge from a drug/alcohol halfway house. In fact, in his Brief to this court, appellant concedes his unsuccessful discharge from the halfway house. Moreover, it was the result of drug activity which brought appellant to the Bar of the trial court. Appellant admitted this much at the sentenc-

ing hearing of April 23, 1992, on counts one through four, which he had entered into evidence at the sentencing hearing of July 21, 1992, to-wit:

THE COURT: Well, then, why would you need a drug program?

MR. ALLEN: Well, that's what—drugs is what brought me here, what put me where I am at today, and I feel that I need the educational learning of drug use.

N.T., 4/23/92, 30. Hence, appellant's sentencing claim is meritless in any event.

Judgment of sentence affirmed.