HOFFMAN, Judge.
 

 This is an appeal from judgment of sentence entered November 4, 1993, for theft by deception,
 
 [1]
 
 and criminal conspiracy.
 
 [2]
 
 Appellant, Wayne Lawson, presents the following issues for our review:
 

 
 *526
 
 1. Whether the trial court erred in finding Mr. Lawson guilty of theft by deception and criminal conspiracy and in refusing to arrest judgment thereon, where the prosecution failed to establish guilt beyond a reasonable doubt either that the alleged victim was in fact deceived or that Mr. Lawson was involved in any of the illegal acts charged. And whether the trial court erred in denying Mr. Lawson’s petition for writ of habeas corpus, which raised a substantially similar sufficiency issue.
 

 2. Whether the trial court manifestly abused its discretion in imposing an aggravated and consecutive term of imprisonment upon Mr. Lawson, where the court effectively ignored the Sentencing Code requirement that it meaningfully consider the rehabilitative needs of the defendant, where the trial court in effect punished Mr. Lawson for his “intransigence” in contesting the charges, and where the trial court failed to articulate its reasons for selecting both the aggravated range of punishment and a consecutive term of imprisonment.
 

 Appellant’s Brief at 3. For reasons stated below, we affirm.
 

 On the morning of September 15, 1992, the victim, Grace Rizzo, was approached by one of appellant’s co-defendants, Cheryl Johnson, in a store located in the downtown section of Pittsburgh. Ms. Johnson had an envelope which she claimed she had found in front of the Pittsburgh National Bank. Ms. Johnson said she was nervous and asked Ms. Rizzo to watch her open the envelope. The envelope contained what appeared to be a large amount of cash. Ms. Johnson refused to let Ms. Rizzo touch the money, or to take it to the postmaster, but suggested that they call Ms. Johnson’s ‘boss’ (hereinafter ‘boss’) at Mellon Bank. After Ms. Johnson’s telephone call, the two went to Mellon Bank to deliver the envelope to the boss. Ms. Rizzo was told to wait outside, while Ms. Johnson went into the bank to find her boss. The two women then went to McDonald’s to have a cup of coffee while the boss inspected the money. Ms. Rizzo was subsequently informed that the envelope contained $60,000 which the women agreed to split evenly. Ms. Rizzo spoke to the boss, who questioned
 
 *527
 
 her about her financial holdings. Then, upon the advice of Ms. Johnson and her boss, Ms. Rizzo relinquished $16,000 in cash as security for her share of the $60,000. In addition, Ms. Rizzo agreed to return to the bank early the next morning to cash a certified check worth $9,500 as additional security. Later that evening, Ms. Rizzo called her daughter to share her good fortune. Ms. Rizzo’s daughter immediately contacted the police.
 

 On the following morning, Ms. Johnson and another co-defendant, Michael Johnson were arrested, one block from Ms. Rizzo’s home, in a car registered to appellant. In the trunk of the car, the police found a packet of what appeared to be money with $100 dollar bills at either end and paper in the middle.
 

 Following his arrest, Mr. Johnson revealed that Ms. Rizzo’s money was in a hotel room, where appellant was awaiting the Johnsons’ return. After verifying the information, an arrest warrant was obtained for appellant and a search warrant for the hotel room. In the room, the police found $15,000 of the stolen money. In appellant’s pocket, they found the remaining $1,000 and a slip of paper with Ms. Rizzo’s phone number.
 

 Appellant was arrested and charged with one count of theft by deception and two counts of criminal conspiracy. The complaint was subsequently amended to one count of theft by deception, one count of criminal conspiracy and one count of criminal attempt. Following a preliminary hearing on September 22, 1992, appellant was held for court on all charges' On January 13, 1993, appellant petitioned the court for a writ of habeas corpus, asserting that the Commonwealth had failed to establish a prima facie case. A hearing was held and the petition was denied.
 

 On September 22, 1993, following a bench trial, appellant was convicted of all charges. Appellant subsequently filed post-trial motions. The trial court denied appellant’s written post-verdict motions but granted appellant’s oral motion to arrest judgment on the count of criminal attempt. Appellant was then sentenced to two consecutive terms of three and a
 
 *528
 
 half (3.5) to seven (7) years imprisonment. A motion to vacate or modify sentence was filed and denied. This timely appeal followed.
 

 Appellant first contends that the habeas corpus court erred in permitting the victim, who had previously testified at appellant’s preliminary hearing, to give additional testimony. We disagree.
 

 A petition for habeas corpus relief must specifically allege facts, which if true would entitle the defendant to an award of writ of habeas corpus.
 
 Balsamo v. Mazurkiewicz,
 
 417 Pa.Super. 36, 611 A.2d 1250 (1992). However, where a defendant requests a writ of habeas corpus on the grounds that the Commonwealth has failed to establish a prima facie case, the Commonwealth may present further evidence to ensure that it has established a prima facie case.
 
 Commonwealth v. Morman,
 
 373 Pa.Super. 360, 541 A.2d 356 (1988) (the purpose of a habeas corpus proceeding is not merely to review the prior preliminary hearing but rather to determine the legality of the existing restraint on the petitioner’s liberty). The evidence may consist of evidence previously presented at the preliminary hearing as well as any additional evidence.
 
 Id.
 
 Therefore, the Commonwealth was entitled to have the victim testify at the habeas corpus proceeding.
 

 Appellant further argues that the testimony presented at the habeas corpus proceeding was inconsistent with the victim’s prior testimony, it should have been stricken. Appellant notes that the victim’s preliminary hearing testimony had indicated that she had been cognizant of the scheme.
 

 A witness’ testimony may be presented as substantive evidence although it is inconsistent with her prior testimony.
 
 Commonwealth v. Hayes,
 
 408 Pa.Super. 314, 596 A.2d 874 (1991). On cross-examination, the opposing party may use the inconsistent testimony to impeach the witness’ credibility.
 
 Id.
 
 The hearing judge, as factfinder, then weighs all the evidence and judges the credibility of the witnesses. 17 Pa.Law Encyclopedia § 37.
 

 
 *529
 
 Here, the victim testified at the habeas corpus hearing that she had been tricked into giving the conspirators $16,000. The trial court believed the victim’s habeas corpus testimony. Moreover, the court determined that the Commonwealth had presented a prima facie case against appellant. As the trial court’s finding, is adequately supported by the record, we must deny appellant his requested relief.
 

 Appellant next contends that the evidence at trial was insufficient to prove that the victim was deceived by the scheme. We disagree.
 

 A defendant may be convicted of theft by deception if he intentionally obtains property from another person by deception. 18 Pa.C.S. § 3922. The Commonwealth must demonstrate not only the presence of a false impression but that the victim relied upon that impression.
 
 Commonwealth v. Imes
 
 424 Pa.Super. 633, 623 A.2d 859 (1993).
 

 In the instant case, the victim testified that she had believed that she would receive the $30,000 promised to her.
 
 Cf. id.
 
 (theft by deception could not be established where the State failed to present evidence that there was any victim who had been deceived by the defendant). Again, appellant notes that the victim had previously testified that she had known that she would not receive any money from the conspirators. However, the trial court as fact-finder weighed the inconsistencies in the victim’s testimony and determined that she had indeed relied upon the false impression created by the scheme.
 
 Commonwealth v. Sullivan,
 
 399 Pa.Super. 124, 130, 581 A.2d 956, 959 (1990) (the fact-finder may believe all, part or more of none of the evidence presented). The victim’s trust in the strangers is apparent from her actions. The victim had spent the entire day with Ms. Johnson and allowed Ms. Johnson into her home. In reliance upon the assurance that she was to receive $30,000, the victim revealed her financial status to the boss and relinquished a total of $16,000 to the conspirators.
 
 See, e.g., Commonwealth v. Morin,
 
 237 Pa.Super. 533, 352 A.2d 189 (1975),
 
 reversed on other grounds
 
 477 Pa. 80, 383 A.2d 832 (1978) (that elderly woman had been deceived was
 
 *530
 
 apparent where she had given a huge sum of money to a stranger). In addition, once the victim realized that she had been conned and the police informed of the scheme, the victim fully cooperated with them in an effort to apprehend the wrongdoers and retrieve her money. Any vague suspicion or amazed disbelief in her windfall which the victim may have entertained was clearly insufficient to displace her belief that she would receive the money. Accordingly, the evidence was sufficient to demonstrate that the victim had been deceived by the scheme.
 

 Next, appellant also argues that the evidence was insufficient to demonstrate his complicity in the scheme. We disagree.
 

 In order to prove criminal conspiracy, the Commonwealth must show an agreement between or among co-conspirators.
 
 Commonwealth v. Allen
 
 425 Pa.Super. 615, 625 A.2d 1266 (1993). The existence of such an agreement need not be demonstrated by direct evidence, but may be “inferentially established by showing the relation, conduct or circumstances of the parties.”
 
 Commonwealth v. Rogers,
 
 419 Pa.Super. 122, 139, 615 A.2d 55, 63 (1992) (citation omitted). Mere association or presence at the scene of the crime is insufficient to establish conspiracy.
 
 Commonwealth v. Carter,
 
 329 Pa.Super. 490, 499, 478 A.2d 1286, 1290 (1984). However, these factors may, in combination with others, establish conspiracy.
 
 Commonwealth v. Smith,
 
 414 Pa.Super. 208, 216, 606 A.2d 939, 943 (1992),
 
 alloc. denied
 
 533 Pa. 624, 620 A.2d 490 (1993) (citing
 
 Commonwealth v. French,
 
 396 Pa.Super. 436, 578 A.2d 1292 (1990),
 
 affirmed
 
 531 Pa. 42, 611 A.2d 175 (1992)).
 

 In the instant case, when appellant was arrested, he had $1,000 of the stolen money as well as the victim’s home phone number in his pocket. Further, the hotel room in which appellant was apprehended, contained the remainder of the victim’s money. Moreover, appellant’s car had been used to aid in the scheme and the wad of money and paper used to deceive the victim, was kept in the trunk of his car. These
 
 *531
 
 facts and all reasonable inferences are sufficient to indicate that appellant was involved in the conspiracy.
 

 Appellant also raises several challenges to the discretionary aspects of his sentence.
 

 In order to preserve an appeal from the discretionary aspects of sentencing, certain procedures, mandated by Pa.R.A.P. 2119(f) and
 
 Tuladziecki,
 
 must be followed.
 
 Commonwealth v. Tuladziecki,
 
 513 Pa. 508, 522 A.2d 17 (1987);
 
 Commonwealth v. Scullin,
 
 414 Pa.Super. 442, 607 A.2d 750 (1992),
 
 alloc. denied
 
 533 Pa. 633, 621 A.2d 579 (1992). An appellant must preserve the sentencing issues by filing a timely motion for reconsideration of sentence and file an appellate brief in which the issues are set forth in his statement of questions presented and which includes a concise statement of reasons for allowance of appeal.
 
 See Tuladziecki,
 
 513 Pa. 508, 522 A.2d 17;
 
 Scullin,
 
 414 Pa.Super. 442, 607 A.2d 750. Moreover, the sentencing issues must present a substantial question for our review.
 
 Commonwealth v. Krum,
 
 367 Pa.Super. 511, 519, 533 A.2d 134, 138 (1987) (en banc).
 

 Initially, appellant asserts that the trial court improperly punished him for his “intransigence” in proceeding to trial. However, as appellant failed to preserve this issue in his motion for reconsideration of sentence, it is waived.
 
 See Scullin,
 
 414 Pa.Super. 442, 607 A.2d 750.
 

 Appellant also argues that the trial court ignored his rehabilitative needs in imposing sentence.
 

 Although appellant has properly preserved this issue, it does not constitute a substantial question for our review.
 
 Commonwealth v. Flemings,
 
 421 Pa.Super. 110, 617 A.2d 749 (1992),
 
 appeal granted
 
 533 Pa. 656, 625 A.2d 1191 (1993) (claim that the trial court did not give adequate consideration to a defendant’s rehabilitative needs does not present a substantial question). Accordingly, we decline to grant an appeal of this issue.
 

 Finally, appellant contends that the trial court failed to properly articulate its reasons for imposing consecutive
 
 *532
 
 sentences for the offenses charged and for sentencing appellant within the aggravated range.
 
 [3]
 
 As appellant has properly preserved these issues for appeal and as they constitute substantial questions, we will grant an allowance of appeal on these issues.
 
 See, e.g., Commonwealth v. Hlatky,
 
 426 Pa.Super. 66, 626 A.2d 575 (1993).
 

 A court may impose consecutive sentences for convictions arising out of the same transaction. 42 Pa.C.S. § 9721. A single transaction is defined as “a crime or crimes which were committed by a defendant at a single time or in temporally continuous actions that are part of the same episode, event or incident, or which are conspiracy and the object offense.”
 
 Commonwealth v. Kozarian,
 
 388 Pa.Super. 627, 566 A.2d 304 (1989) (citation omitted).
 

 In the instant case, appellant was convicted of theft by deception and criminal conspiracy. These charges arose from the same ploy to swindle money from the victim. The trial court imposed consecutive sentences of three and a half (3.5) to seven (7) years on the two charges. While the sentences do not exceed the' statutory maximum of seven years, they are greater than those recommended under the sentencing guidelines. 18 Pa.C.S. § 106(b)(4).
 

 The sentencing code gives the trial court discretion to sentence a defendant outside of the sentencing guidelines. However, in imposing such a sentence, the court must consider the sentencing guidelines, the background and character of defendant and the circumstances surrounding the crime.
 
 Commonwealth v. Cruz Ortega,
 
 372 Pa.Super. 389, 539 A.2d 849 (1988). The sentence imposed should be consistent •with the need to protect the public and the rehabilitative needs of the defendant.
 
 Id.
 
 The court must also adequately state its reasons for deviating from the guidelines in a contemporaneously written statement or on the record in the defendant’s presence.
 
 Commonwealth v. Bowen,
 
 417 Pa.Super. 340, 612 A.2d 512 (1992),
 
 alloc. denied
 
 533 Pa. 629, 621 A.2d 577
 
 *533
 
 (1993);
 
 Commonwealth v. Dotter,
 
 403 Pa.Super. 507, 589 A.2d 726 (1991),
 
 alloc. denied
 
 530 Pa. 639, 607 A.2d 249 (1992).
 

 In the instant case, the trial court reviewed the guideline ranges and the presentence report and determined that appellant should receive a sentence outside of the guidelines. The trial court noted at the sentencing hearing that the victim was an elderly lady.
 
 See Commonwealth v. Darden,
 
 366 Pa.Super. 597, 531 A.2d 1144 (1987) (robbery of defenseless 70-year old victim is a substantial aggravating circumstance which should be considered at sentencing). Moreover, appellant had a history of committing similar crimes.
 
 See Commonwealth v. Johnson,
 
 333 Pa.Super. 42, 481 A.2d 1212 (1984) (sentencing court may consider a defendant’s prior arrests). The trial court was convinced the society could best be protected from defendant if he was incarcerated.
 
 Id.
 
 The court indicated that appellant did not respond well to probation or parole and that there was little chance of his rehabilitation.
 
 Id.
 
 Moreover, the court noted that appellant had violated his bond in the instant case by leaving Philadelphia and travelling to Ohio where he was subsequently arrested and convicted for a similar crime against another elderly woman.
 
 Id.
 
 (convictions for crimes committed subsequent to the one at issue are pertinent to defendant’s character as a convicted repeat offender and his lack of contrition). As the trial court reviewed the sentencing guideline ranges and the presentence report and adequately stated its reasons for deviating from the sentencing guidelines, the trial court did not abuse its discretion in sentencing appellant outside of the guidelines. Accordingly, we affirm judgment of sentence.
 

 Affirmed.
 

 [1]
 

 . 18 Pa.C.S. § 3922.
 

 [2]
 

 . 18 Pa.C.S. § 903.
 

 [3]
 

 . We note that appellant was not sentenced within the aggravated range but outside of the recommended guidelines.