## Commonwealth v. Brant

*Karen Kuebler,* for Commonwealth.
*Deborah Lux,* for defendant.

KISTLER, *J.,* May 12, 2009—Presently before this court is the petition for writ of habeas corpus filed by Gina A. Brant (defendant) on October 21, 2008, challeng-

ing the magisterial district judge's decision to bind the defendant over for court on all charges. Defendant and Commonwealth also ask the court to dismiss certain counts in the criminal complaint because they were duplicates of other counts and therefore erroneously filed.

For the following reasons, defendant's petition for writ of habeas corpus is granted in part and denied in part.

## DISCUSSION

As a threshold matter, both the defendant and the Commonwealth request that this court dismiss Counts 7, 8, 9, and 10 of the criminal complaint because they are duplicates of other counts. The court has reviewed the criminal complaint and notes that many of the counts for conspiracy reference the wrong counts in the information provided under the statute. For example, in Count 7, the statute cited in the charge refers to conspiracy to commit simple assault. However, the description of the charge states that defendant "acted with the intent of promoting or facilitating the commission of the crime charged in Count 4." The crime charged in Count 4 is receiving stolen property, not simple assault. The court would also note that the information under the statute in Counts 9 and 10 refer to the crime charged in Count 7. Based on this language, it would seem that the Commonwealth is charging the defendant with conspiracy to commit conspiracy. Rather than grant the defendant's and Commonwealth's motion to dismiss, the court would strongly urge the Commonwealth to amend the information so that all the charges are correct.[1]

---

1. Although the criminal information is incorrect in many places, for purposes of deciding this petition the court understands the essen-

Turning to the petition for writ of habeas corpus, defendant argues that the Commonwealth has failed to show all the necessary elements for the crime of burglary and conspiracy. For purposes of deciding a petition for writ of habeas corpus, "the Commonwealth bears the burden at a preliminary hearing of establishing at least a prima facie case that a crime has been committed and that the accused is probably the one who committed it." *Commonwealth v. Gettemy,* 404 Pa. Super. 504, 510, 591 A.2d 320, 323 (1991). The Commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001). The prima facie standard does not require proof beyond a reasonable doubt; rather, the standard requires the existence of evidence for each element of the crime charged. *Id.* Further, as set forth by the Superior Court, "[w]hen deciding whether a prima facie case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict." *Commonwealth v. James,* 863 A.2d 1179, 1182 (Pa. Super. 2004) citing *Commonwealth v. Packard,* 767 A.2d 1068, 1071 (Pa. Super. 2001).

As to the charge of burglary, defendant argues that the Commonwealth failed to establish any evidence which would permit a reasonable inference that defendant entered the complaining witness' residence with the intent to commit a crime therein. Defendant asserts that she

---

tial charges brought by the Commonwealth and this did not hinder the court in deciding this petition.

had entered the house merely to continue an argument that had occurred earlier that day and therefore entered the residence without the specific intent to commit a crime as required by the statute. See 18 Pa.C.S. §3502.

The court has reviewed the transcript of the preliminary hearing and determines that there was sufficient evidence to permit a reasonable inference that defendant entered the residence with the intent to commit a crime therein. This is based on the following alleged facts gleaned from the complaining witness' testimony at the preliminary hearing: (1) Defendant and two other women arrived at the complaining witness' residence at approximately 2:30 a.m. and knocked on the door. (2) Shortly after entering the residence without the complaining witness' permission, defendant punched the complaining witness in the face. The short passage of time between the alleged entry and assault refutes the defendant's contention that she had entered the residence merely to continue an argument and events spiraled out of control. It seems to this court that a reasonable inference exists, based on the defendant's actions, to support the Commonwealth's argument that the defendant entered the residence with the intent to assault the complaining witness. As a result, the court finds that the Commonwealth has established a prima facie case of burglary and therefore defendant's petition for writ of habeas corpus as to the count of burglary is denied.

The remaining issue is whether the Commonwealth has established a prima facie case for each of the remaining counts of conspiracy. Defendant asserts that the Commonwealth has failed to establish that there was any agreement between the three women who allegedly en-

tered the residence and assaulted the complaining witness. Defendant asserts the group of women arrived at the apartment and the situation quickly spiraled out of control, without any premeditated agreement between them to commit any criminal offense.

"In order to prove criminal conspiracy, the Commonwealth must show an agreement between or among co-conspirators." *Commonwealth v. Lawson,* 437 Pa. Super. 521, 530, 650 A.2d 876, 880 (1994). The existence of such an agreement need not be demonstrated by direct evidence, but may be "inferentially established by showing the relation, conduct or circumstances of the parties." *Id.,* 437 Pa. Super. at 530, 650 A.2d at 880. Mere association or presence at the scene of the crime is insufficient to establish conspiracy. *Id.* However, these factors may, in combination with others, establish conspiracy. *Id.* Due to the confusion in the criminal information, the court will address the issue of conspiracy by dividing the underlying crimes into two groups. The first group of conspiracy crimes is for burglary and simple assault while the second group includes the crimes of theft.

Addressing the first group of conspiracy crimes, upon review of the transcript, the court believes that there is sufficient evidence resulting from the conduct of the three women to establish a conspiracy to commit assault and conspiracy to commit burglary. The court bases this determination on the testimony of the complaining witness that the three women entered the residence uninvited and started yelling at the defendant. N.T. 9/24/08 p. 23. As the complaining witness was talking on the phone, the three women allegedly surrounded the complaining witness. N.T. 9/24/08 p. 23. Defendant is alleged

to have struck the complaining witness and pushed her backwards and they both ended up on the floor. N.T. 9/24/08 pp. 9-10. While on the floor complaining witness rolled on top of the defendant and incurred three or four strikes to the back of the head by one of the other two women. N.T. 9/24/08 pp. 10 and 24.

Based on the above referenced conduct, it seems to this court that the group of women acted to first surround the complaining witness and during the fight between the defendant and complaining victim, one of the two women took advantage of her position relative to the complaining witness to strike her three or four times in the back of the head where she was unable to protect herself. Based on this information, the court finds that the Commonwealth has established prima facie evidence of an agreement based on the conduct of the three individuals before and during the assault. Defendant's petition for writ of habeas corpus as to the counts of criminal conspiracy to commit burglary and assault are hereby denied.

As to the charges for criminal conspiracy to commit theft by unlawful taking, the court determines that the Commonwealth has failed to establish any agreement among the three women to steal the complaining witness' purse. There is no evidence based on the conduct or behavior of the three women which would permit this court to reasonably infer that an agreement existed. Therefore, the defendant's petition for writ of habeas corpus as to the counts of criminal conspiracy to commit theft by unlawful taking is granted.

## ORDER

And now, May 12, 2009, the following shall be the order of the court:

(1) Counts 7, 8, 9 and 10 are dismissed by agreement between the Commonwealth and the defendant.

(2) Defendant's petition for writ of habeas corpus pertaining to Count 1, burglary is hereby denied.

(3) Defendant's petition for writ of habeas corpus pertaining to counts dealing with conspiracy to commit burglary and simple assault are hereby denied.

(4) Defendant's petition for writ of habeas corpus pertaining to the counts of conspiracy to commit crimes of theft are hereby granted.