J-S06012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER D. YINGLING | |
| Appellant | No. 834 MDA 2015 |

Appeal from the Judgment of Sentence May 29, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001282-2012
CP-06-CR-0003136-2012
CP-06-CR-0004750-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER D. YINGLING | |
| Appellant | No. 835 MDA 2015 |

Appeal from the Judgment of Sentence May 29, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001282-2012
CP-06-CR-0003136-2012
CP-06-CR-0004750-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHRISTOPHER D. YINGLING | |

Appellant         No. 836 MDA 2015

Appeal from the Judgment of Sentence May 29, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001282-2012
CP-06-CR-0003136-2012
CP-06-CR-0004750-2012

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.         **FILED MARCH 23, 2016**

In these consolidated appeals,[1] Appellant, Christopher D. Yingling, appeals from the judgment of sentence entered by the Honorable Thomas G. Parisi, Berks County Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows. Yingling was charged in three separate criminal informations. He subsequently entered "open" guilty pleas[2] to a number of charges. At number 4750-2012, Yingling pled guilty to one count of sexual assault, stemming from his admission that he sexually abused a fourteen-year-old female, K.R., who was living at his house and was under his care at the time. At number 1282-2012, Yingling pled guilty to one count of attempt to commit first-degree murder, stemming from his admission that he shot K.R.'s father several times at close range

---

[*] Former Justice specially assigned to the Superior Court.

[1] We consolidated these appeals *sua sponte*.

[2] An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

with a shotgun. At number 3136-2012, Yingling pled guilty to two counts of solicitation to commit first-degree murder, stemming from his admission that while incarcerated in Berks County prison, he attempted to hire another inmate to murder K.R. and her father.

After Yingling pled guilty to the above-mentioned charges, the trial court, the Honorable Thomas G. Parisi, imposed an aggregate term of 27 to 70 years' imprisonment, consisting of 5 to 10 years for sexual assault, 14 to 40 years of consecutive imprisonment for two counts of solicitation to commit first-degree murder, and 8 to 20 years of consecutive imprisonment for attempt to commit first-degree murder.

The trial court denied Yingling's post-sentence motions. This court quashed Yingling's first direct appeal as untimely. Yingling subsequently filed a *pro se* PCRA appeal. Thereafter, counsel was appointed, and a counseled Amended PCRA was filed. A PCRA hearing was held on May 4, 2015. However, on May 5, 2015, this Court granted Yingling leave to appeal *nunc pro tunc*. This appeal followed.

On appeal, Yingling raises three issues challenging the discretionary aspects of his sentence.[3] In his first and second issue, regarding the

_____

[3] In **_Commonwealth v. Tirado_**, 870 A.2d 362 (Pa. Super. 2005), we observed that

> while a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that

*(Footnote Continued Next Page)*

sentences imposed at numbers 1282-2012 and 3136-2012 respectively, Yingling argues that the trial court erred because the sentences were "unduly punitive and unreasonable and lacked sufficient basis in reasons placed on the record." Appellant's Brief, at 4. In his third issue, regarding the sentence imposed at 4750-2012, Yingling argues that the trial court erred because "the sentence was unduly punitive and unreasonable ... where the sentence was beyond the standard guideline ranges, ... [and] sufficient aggravating factors were not placed on the record warranting an aggravated sentence range ...." *Id*.

We start our analysis by noting that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings." *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). Without such efforts, an objection to a discretionary aspect of a sentence is waived. *See id*., at 1274.

Here, Yingling timely filed a post-sentence motion for reconsideration; however, he failed to include the specific arguments asserted in his first and

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.

*Id*., at 365 n.5 (emphasis and citations omitted).

second issue on appeal. Because Yingling also failed to raise these specific arguments during his sentencing hearing, his first two issues on appeal are waived. *See id*. Nevertheless, Yingling properly raised the arguments asserted in his third issue on appeal in his post-sentence motion; thus, we will proceed to address these arguments.

In considering Yingling's challenge to the discretionary aspects of his sentence, we note the following.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, [pursuant to Pa.R.A.P. 2119(f)], an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted).

In his Rule 2119(f) statement, Yingling alleges that the five to ten year sentence imposed for his sexual assault conviction was "issued without sufficient reasons being placed on the record and is so disproportionate as to implicate the fundamental norms that underlie the sentencing process." Appellant's Brief, at 9. Specifically, Yingling claims that the sentence imposed was excessive and unreasonable because it was beyond the

standard statutory guidelines, and the trial court failed to place sufficient reasons on record for imposing an aggravated range sentence.[4] *See id*., at 10. This claim raises a substantial question.[5] *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). We now proceed to the merits of his challenge.

Our standard of review for a challenge to the discretionary aspect of sentencing is as follows.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

---

[4] Although Yingling's brief includes a Rule 2119(f) statement, he failed to assert the specific arguments raised in his third issue on appeal in the statement. However, because the Commonwealth did not raise an objection, and a substantial question is obvious from Yingling's brief, we will review his claim. *See Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa. Super. 2010).

[5] In his brief, Yingling raises several other arguments that do not present substantial questions. For instance, he argues that the trial court failed to implement an individualized sentence because it did not adequately consider his rehabilitative needs in fashioning the sentence. This contention does not constitute a substantial question subject to our review. *See Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994).

Moreover, Yingling argues that the sentence was unreasonable and unduly punitive considering the fact that he was a first-time offender, took responsibility for his actions, pled guilty, and expressed remorse. Essentially, Yingling is arguing that the trial court did not adequately consider the aforementioned factors as mitigating factors. This assertion also does not constitute a substantial question subject to our review. *See Tirado*, 870 A.2d at 366 n. 6.

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lewis*, 45 A.3d 405, 411 (Pa. Super. 2012) (citation omitted).

In imposing a sentence, the sentencing court must consider relevant statutory factors, including "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A sentencing court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-963 (Pa. 2007). A sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). Moreover, "[a] sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." *Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted). When imposing a sentence in the aggravated range, a sentencing court must state its reasons on the record. *See* 204 Pa.Code § 303.13(c).

In the instant case, Yingling was convicted of one count of sexual assault,[6] which is a felony of the second degree with an offense gravity score

---

[6] 18 Pa.C.S.A. § 3124.1.

of eleven. **See** 204 Pa.Code § 303.16(a). Because Yingling had a prior record score of zero, the guidelines recommended a standard range sentence of 36 to 54 months. **See id**. If aggravated circumstances are present in a sexual assault case, the guidelines permit a court to impose a sentence that is up to twelve months longer than the upper limit of the standard range. **See** 204 Pa.Code §§ 303.13(a)(1), 303.16(a). The aggravated range is thus 48 to 66 months.

We find that the trial court acted well within its discretion in sentencing Yingling to the statutory maximum of five to ten years' imprisonment, a sentence within the aggravated range.[7] Given that K.R. was only fourteen years old and was under Yingling's care when the sexual assault took place, a sentence in the aggravated guideline range was reasonable. **See Shugars**, 895 A.2d at 1278. Moreover, we find that the trial court placed sufficient reasons on the record regarding its decision to impose an aggravated range sentence. Importantly, the trial court noted the need to protect the victim and her family from Yingling due to his "sociopathic obsession" with them. N.T., Guilty Plea and Sentencing Hearing, 5/29/13, at 50. In fashioning the sentence, the trial court considered defense counsel's arguments on

---

[7] Adding 12 months to the 54-month upper limit of the applicable standard range would result in an aggravated minimum of 66 months. However, because the maximum penalty for Yingling's sexual assault conviction is ten years, or 120 months, the aggravated minimum cannot exceed one-half of the statutory maximum. **See** 42 Pa.C.S.A. § 9756(b)(1).

Yingling's behalf, the Commonwealth's arguments, the victim's and the victim's family members' statements, and Yingling's own pre-sentence statements. *See id*., at 49.

We conclude that the trial court fashioned an individualized sentence and did not abuse its discretion in imposing the maximum sentence for Yingling's sexual assault conviction. Accordingly, Yingling's challenge to the discretionary aspects of his sentence is without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2016