J-S34012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY MICHAEL KINER :
:
Appellant : No. 546 MDA 2025

Appeal from the Judgment of Sentence Entered April 3, 2025
In the Court of Common Pleas of Perry County
Criminal Division at No: CP-50-CR-0000387-2024

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED: JANUARY 14, 2026**

Appellant, Timothy Michael Kiner, appeals from the judgment of sentence of a term of 60 days to 6 months' imprisonment, imposed after he pled guilty to one count of driving under the influence, in violation of 75 Pa.C.S.A. § 3802(d)(2). Appellant solely challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the relevant background as follows.

On January 9, 2025, [Appellant] pled guilty to one (1) count of DUI: Controlled Substance-Impaired Ability - 1st Offense for sentencing purposes[.] However, while this was a first offense for sentencing purposes, it was a sixth lifetime offense. Appellant was then sentenced on April 9, 2025, to a term of incarceration of sixty (60) days to six (6) months, to be served in the Perry County Prison. . . .

On April 24, 2025, Appellant filed a timely appeal to the Superior Court. Accordingly, this court directed that he file a Concise Statement of Matters Complained of on Appeal within twenty-five (25) days from the court's Order dated April 25, 2025. Appellant

then filed his Concise [Statement] of Matters Complained of on May 1, 2025 alleging that this court imposed an excessive sentence.

Trial Court Opinion, 5/23/25, at 1.

On appeal, Appellant argues that the sentence, which is outside the guidelines, is excessive and unreasonable as it is based on improper factors. Specifically, Appellant argues that some of the considerations used by the sentencing court to sentence Appellant outside the guidelines, such as prior DUI convictions, were already factored in the guidelines. Additionally, Appellant alleges that the sentencing court improperly factored in that Appellant had driven under the influence hundreds of times, despite the fact there was no evidence of it. Finally, Appellant argues that the sentencing court failed to provide adequate explanation for the sentence imposed. Appellant's Brief at 11-18.

Appellant's issues challenge the discretionary aspects of his sentence. *See*, *e.g.*, *Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

> question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

A review of the record reveals that Appellant failed to raise the claim in a motion to reconsider and modify his sentence and did not preserve it at the time sentencing.[1]  As such, the claims are waived.  *Moury*, *supra*; *see also Commonwealth v. Reeves*, 778 A.2d 691, 692-693 (Pa. Super. 2001) (by failing to raise a specific claim regarding imposition of sentence in post-sentence motion, the trial court was deprived of an opportunity to consider the claim and thus the claim was waived on appeal); *Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (although challenges to discretionary aspects of sentence were raised in Rule 1925(b) statement and trial court addressed them in its opinion, issues were waived because the appellant failed to raise them at sentencing or in his post-sentence motion)).

Even if the claims were properly before us, Appellant would not be entitled to relief.  In fact, the sentencing court provided at the time of sentencing and in a written opinion, ample and adequate reasoning for imposing a sentence outside the guidelines.

---

[1] On April 15, 2025, Appellant filed a motion for unsecured bail pending appeal, which the trial court granted on April 18, 2025.  In said motion, Appellant did not raise any of the sentencing issues he later raised in his concise statement or in his appellate brief.

Our standard for reviewing a claim challenging the discretionary aspects of a sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz*, [923 A.2d 1111, 1118 (Pa. 2007)] ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 [(Pa. 2007)] (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001). When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." [*Id.*] Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

> The requirement that the court provide a contemporaneous written statement is satisfied "when the judge states his reasons

for the sentence on the record and in the defendant's presence." ***Antidormi***, 84 A.3d at 760 (internal quotation marks and citation omitted). ***See also Commonwealth v. Lawson***, [650 A.2d 876, 881 (Pa. Super. 1994)].

When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was [un]reasonable. ***Sheller***, 961 A.2d at 190; ***Walls***, 926 A.2d at 963. "The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds ... the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.[A.] § 9781(c)(3). In determining whether the sentence is reasonable, an appellate court should consider the following factors:

> (1) The nature and circumstance of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

***Walls***, 926 A.2d at 963 (quoting 42 Pa.C.S.[A.] § 9781(d)). "A sentence may be found unreasonable if it fails to properly account for these four statutory factors ... [or] if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." ***Sheller***, 961 A.2d at 191 (internal quotation marks and citation omitted).

***Commonwealth v. Durazo***, 210 A.3d 316, 321 (Pa. Super. 2019).

In the instant matter, the sentencing court sentenced Appellant above the aggravated range but within the statutory limits, providing the following explanation.

Here, the court reviewed a Pre-Sentence Investigation Report ("PSI") prior to sentencing, and found that Appellant's case was highly distinguishable from the typical first offense DUI. The report contained background information on Appellant, his

- 5 -

criminal history, familial history, and employment. The reasons for a deviation from the standard range were then placed on the record in accordance with 204 Pa. Code § 303.1(d). Both the standard and aggravated ranges provided for by the sentencing guidelines consisted of a sentence of seventy-two (72) hours of incarceration. However, the [c]ourt found the guidelines inadequate, as Appellant had been convicted of five (5) prior DUI offenses, one each from 1987, 1990, 2000, 2004, and 2011. Transcript of Sentencing Hearing (hereinafter "N.T. Sentencing"), April 9, 2025[, at 4].

All of this information was considered, and placed on the record, along with the nature of the offenses, and the need to protect the community in fashioning a sentence. *Id.* at 4-6. Of particular significance, was the fact that Appellant had five (5) prior DUI offenses in his lifetime. The [c]ourt felt as though a guideline sentence of a mere seventy-two (72) hours was an inadequate way of attempting to not only punish Appellant for the same conduct he has repeatedly engaged in throughout his lifetime, but also attempt to rehabilitate and set Appellant on a correct path in life so that he does not repeat this conduct for a seventh time. The [c]ourt could not in good conscience sentence Appellant, who had five (5) prior lifetime DUI convictions, to the same sentence a first-time offender would receive. Commonsense dictates that penalties for repeated behavior should ordinarily be more severe than the penalty for first time transgressions.

Trial Court Opinion, 5/23/25, at 3-4.

Thus, it is clear that the sentencing court considered all the requisite factors, including the nature and circumstances of the offense, the recommended guidelines ranges, the gravity of the offense, and the rehabilitative needs of Appellant, when fashioning his sentence. Moreover, the trial court had the benefit of the PSI at the time of sentencing and clearly considered Appellant's history and characteristics. Thus, we find that Appellant's sentence is not unreasonable and that the sentencing court did not abuse its discretion in imposing a sentence outside the guidelines.

Regarding Appellant's specific claims, Appellant appears to claim that under the most recent guidelines, the sentencing court abused its discretion in considering old convictions. Appellant fails to appreciate that the sentencing guidelines are not mandatory and that sentencing courts may depart from guidelines where "the case under consideration is compellingly different from the 'typical' case of the same offense" or if the information reflects upon the defendant's character. *Commonwealth v. Robertson*, 874 A.2d 1200, 1213 (Pa. Super. 2005).

Regarding Appellant's claim that the sentencing court relied on improper facts (*i.e.*, Appellant had been driving under the influence hundreds of times even though he was caught only a few times) in fashioning his sentence, it appears that the comment, while unsupported by the evidence, was not used as a reason to increase Appellant's sentence. In fact, as noted above, it repeatedly acknowledged the prior DUI convictions as the main reason for deviating upward from sentencing guidelines.

Even if we were to assume that the sentencing court's comments played a role in Appellant's sentence, it is clear the sentencing court had significant other support for deviating upward. *See Commonwealth v. Crork*, 966 A.2d 585, 591 (Pa. Super. 2009) (stating that even if sentencing court's consideration of Crork's "history of prior offenses" could be considered to be reliance on an improper factor, "it certainly was not the sole factor employed by the trial court in fashioning Crork's sentence, thus no abuse of discretion

occurred"); ***Sheller***, 961 A.2d at 192 ("Even if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines"); ***Commonwealth v. Smith***, 673 A.2d 893, 896-97 (Pa. 1997) (same).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/14/2026