J-S28043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON KEITH MILLER | |
| Appellant | No. 1654 MDA 2014 |

Appeal from the Judgment of Sentence December 19, 2012
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002296-2011 ,
CP-36-CR-0002297-2011 , CP-36-CR-0002298-2011,
CP-36-CR-0002302-2011, CP-36-CR-0002303-2011,
CP-36-CR-0002304-2011, CP-36-CR-0002359-2011,
CP-36-CR-0002364-2011

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 28, 2015**

Vernon Keith Miller appeals *nunc pro tunc* from the judgment of sentence, entered in the Court of Common Pleas of Lancaster County, following his jury trial and conviction, on eight separate docket numbers, for three counts of criminal attempt to commit burglary[1], ten counts of burglary[2], and one count of receiving stolen property.[3]  After our review, we

---

[1] 18 Pa.C.S. § 901(a).

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 3925(a).

affirm the judgment of sentence and rely, in part, on the opinion authored by the Honorable Howard F. Knisely.

The trial court's opinion sets forth the facts and procedural history of this case as follows:

> On September 17, 2012, [Miller] went to trial on docket numbers 2296-2011, 2297-2011, 2298-2011, 2302-2011, 2303-2011, 2304-2011, 2359-2011, and 2364-2011. The trial was held September 17, 2012 through September 21, 2012, at which time the jury convicted [Miller] of [three counts of Criminal Attempt to Commit Burglary, ten counts of Burglary, and one count of Receiving Stolen Property]. Upon [Miller's] convictions, a pre-sentence investigation was ordered and [Miller] proceeded to sentencing on December 19, 2012. After reviewing the pre-sentence investigation report, victim impact statements, a letter from [Miller], and hearing the comments of both attorneys, the Court sentenced [Miller] as follows: [On] the first count of Attempted Burglary, [he was sentenced] to 2½ to 5 years in a State Correctional Institution. On the second and third counts of Attempt Burglary, the Court sentenced [Miller] to 2 to 4 years in a State correctional Institution. On Count 4 Burglary, the Court sentenced [Miller] to 4 to 10 years in a State Correctional Institution. On Count 5 of the Burglary, the Court sentenced [Miller] to 2 to 4 years in a State Correctional Institution. These sentences were to run consecutively, for a total of 12 ½ to 27 years' incarceration.

> Additionally, the Court set each jail sentence consecutive to the jail sentence imposed on the Information prior thereto for an aggregate sentence of incarceration in a State Correctional Institution of not less than 29 ½ years to 61 years' incarceration. [Miller] was sentenced within the standard range of the guideline sentence. On December 28, 2012, [Miller] filed a Motion to Modify Sentence, requesting that the sentence be modified so as to permit [Miller] to serve the sentences at each count WITHIN a docket number concurrently, as opposed to consecutively to each other, which would decrease his minimum sentence to 17 years. On January 3, 2013, the Commonwealth filed an Answer to [Miller's] Motion to Modify Sentence. By Order of January 7, 2012, the Court denied [Miller's] Motion to Modify Sentence.

Trial Court Opinion, 11/12/14, at 2-3.

Miller filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging ineffective assistance of trial counsel; PCRA counsel was appointed to represent Miller who filed an amended petition on his behalf. In his petition, Miller alleged, among other things, that trial counsel failed to file a direct appeal at his request. After a hearing, the PCRA Court entered an order reinstating Miller's appellate rights and granting him leave to file an appeal *nunc pro tunc*.

The instant *nunc pro tunc* appeal followed. Miller raises the following questions for our review:

> 1. Whether the imposition of a sentence of not less than 29½ nor more than 61 years was so manifestly excessive as to constitute an abuse of discretion?
>
> 2. Whether the imposition of various consecutive sentences resulting in an aggregate period of incarceration of not less than 29½ nor more than 61 years constitutes cruel and unusual punishment under the 8[th] Amendment to the United States Constitution?

Miller first argues that his sentence is manifestly excessive given the nature and circumstances of the offenses and his history and character. Miller specifically asserts that the imposition of consecutive sentences for these various property offenses, where there was no physical injury to any of the victims, was unduly harsh and unreasonable. Miller also contends that his sentence violated section 9721(b) of the Sentencing Code, which states that any sentence imposed should be "consistent with the protection

of the public, the gravity of the offense, and the rehabilitative needs of the Defendant." **See** Appellant's Brief, at 13.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Johnson**, 666 A.2d 691, 693 (Pa. Super. 1995) (quoting **Commonwealth v. Dotter**, 589 A.2d 726 (Pa. Super. 1991)).

> A four-pronged analysis is required before the Pennsylvania Superior Court will review the merits of a challenge to the discretionary aspects of a sentence. Those prongs are: (1) whether the appellant has filed a timely notice of appeal, Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to consider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa. Super. 2005). An appellant raises a substantial question when he shows that the sentencing court's actions were inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. Pa.R.A.P. 2119(f); **Commonwealth v. Ferguson**, 893 A.2d 735 (Pa. Super. 2006).

It is well established that a sentencing court's failure to consider mitigating factors raises a substantial question. **See Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003). However, a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not

ordinarily raise a substantial question. *Commonwealth v. Pass*, 314 A.2d 442, 446-47 (Pa. Super. 2006).

We are mindful, however, that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). An appellant making an excessiveness claim raises a substantial question when he "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

Applying *Mouzon*, this Court has held that an excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005). An appellant may raise a substantial question where he receives consecutive sentences within guideline ranges, if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question for review. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), citing *Commonwealth v. Moury*,

992 A.2d 162, 171-72 (Pa. Super. 2010). This court in **Dodge** stated that in determining whether a substantial question exists, this Court must look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. **Dodge**, 77 A.3d at 1270. Because we interpret Miller's argument as raising a substantial question under both **Dodge** and **Mouzon**, we grant Miller's petition for allowance of appeal and consider the merits of his claim.

We have reviewed the transcripts, parties' briefs, and relevant law and we find that Judge Knisely's decision thoroughly and correctly disposes of Miller's first issue on appeal. **See** Trial Court Opinion, 11/12/14, at 3-6. Specifically, the record supports the conclusion that the court meaningfully considered the sentencing factors found in section 9721(b)[4] and acted within its discretion in imposing an aggregate sentence of 29½ to 61 years' imprisonment. Because Miller was only thirty-one years old at the time of the commission of the offenses, he would spend at most the majority, not entirety, of his adult life in prison and would be eligible for parole in his early 60's. Trial Court Opinion, 11/12/14 at 6. Moreover, Judge Knisely detailed

---

[4] 42 Pa.C.S. §9721(b) provides that:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

the reasons for his sentence at the sentencing hearing, which included: Miller's complete lack of remorse; Miller's extensive criminal record dating back to his youth; Miller's age at the time he committed the instant offenses; victim impact statements; Miller's character statement and letter to the court; and, most significantly, the number of victims and jurisdictions encompassing Miller's crime spree. *See* N.T. Sentencing Hearing, 12/19/12, at 12-16. *See Dodge*, *supra* (where defendant claimed his sentence of 40 years and seven months to 81 years and two months' incarceration, for non-violent property crimes, was "virtual life sentence," court's sentence, consisting of multiple consecutive low-end standard range sentences was not unreasonable; court had benefit of PSI, considered defendant's crime spree resulting in numerous victims, determined sentence would not result in lifetime incarceration, and court took into account defendant's lack of remorse and lengthy criminal background).

We next turn to Miller's second contention that the sentence imposed by the court is unconstitutional under the Eighth Amendment to the United States Constitution. Miller specifically alleges that his sentence constitutes "cruel and unusual punishment" because "the greatest minimum sentence which could have been imposed for the most serious offense was ten years [and] it is obvious that the [l]ower [c]ourt's sentence was so excessive that it must be found unconstitutional." Appellant's Brief, at 25.

The test for determining whether a sentence constitutes cruel and unusual punishment is set forth as follows:

> In ***Commonwealth v. Spells***, 612 A.2d 458, 462 (Pa. Super. 1992) (en banc), the Superior Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in ***Solem v. Helm***, 463 U.S. 277, 292 (1983). The ***Spells*** court observed that the three-prong ***Solem*** proportionality test examines: "(I) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; **and** (iii) the sentences imposed for commission of the same crime in other jurisdictions." ***Spells***, 612 A.2d at 462 (quoting ***Solem***, 463 U.S. at 292, 103 S.Ct. 3001). The ***Spells*** court correctly observed that a reviewing court is not obligated to reach the second and third prongs of the test unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." ***Spells***, supra at 463 (quoting the controlling opinion of Justice Kennedy in ***Harmelin***, supra at 1005, 111 S.Ct 2680).

***Commonwealth v. Baker***, 78 A.3d 1044, 1047-48 (Pa. 2013) (emphasis added), quoting ***Harmelin v. Michigan***, 501 U.S. 957, 1005 (1991).

In this instance, the first prong of ***Solem*** is not met. Miller argues the "sentence effectively amounts to a sentence of life imprisonment for an individual convicted of various property crimes." Appellant's Brief, at 15-16. Miller asserts that because his crimes are mere property crimes, the lengthy sentence of confinement he received is disproportionate to the underlying criminal conduct. ***Id.*** However, this is not a case where all of the charges arose from a single criminal episode. Here, Miller has was convicted of ten separate and distinct first-degree felony burglaries, committed upon ten

separate private residences, and three other criminal attempts to commit burglary. The maximum sentence for a first-degree felony is twenty years,[5] yet Miller only received an aggregate sentence of 29½ to 61 years' imprisonment for all thirteen convictions.

Miller's claim that his sentence "effectively amounts to a life sentence of imprisonment" *id.* at 15, 24, is disingenuous. Miller was only thirty-one years old at the time of sentencing, and the sentencing judge noted in his opinion that the sentences do not amount to life because Miller would be eligible for parole in his early 60's. *See* Trial Court Opinion, 11/12/14, at 6. Furthermore, the trial court noted each of the sentences imposed on the 14 counts were within the standard range of the Sentencing Guidelines. *Id.* Additionally, Miller has failed to provide any factual basis in his brief demonstrating gross disproportionality in his sentence. He concedes within his own brief that this Court will "not likely find that a sentence is either an abuse of discretion or so grossly disproportionate as to be unconstitutional." *See* Appellant's Brief at 24. While he argues that the sheer excessiveness of his sentence is enough to constitute "cruel and unusual punishment", he acknowledges that the sentencing court has the discretion to impose consecutive sentences, but believes it is the "peculiar circumstances of his

---

[5] *See* 18 Pa.C.S. §1103(1).

case that should persuade the Court to find the sentence unconstitutional."

*Id.*

Because Miller fails to raise an inference that there was a gross disproportionality between the gravity of the offenses committed and the harshness of his sentence, he has not met the first prong of the *Solem* test. Accordingly, we need not reach the second and third prongs of the test. *Spells*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
          VS.                         :     Nos.   2296, 2297, 2298, 2302,
                                      :     2303, 2304, 2359 & 2364 of 2011
VERNON KEITH MILLER                   :

## OPINION

BY: KNISELY, J.                                    November 12, 2014

Defendant Vernon Keith Miller has appealed to the Superior Court of Pennsylvania from

the judgment of sentence imposed on December 19, 2012 and finalized by Order of January 27,

2013, denying Defendant's post-sentence motion. On appeal, Defendant alleges that the

sentence imposed was manifestly excessive as to constitute an abuse of discretion. This Opinion

is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## BACKGROUND

On September 17, 2012, Defendant went to trial on docket numbers 2296-2011, 2297-

2011, 2298-2011, 2302-2011, 2303-2011, 2304-2011, 2359-2011, and 2364-2011. The trial was

held September 17, 2012 through September 21, 2012, at which time the jury convicted the

defendant of the following counts at the following dockets:

On docket 2296-2011, Defendant was convicted of three counts of Criminal Attempt to
Commit Burglary[1] and two counts of Burglary.[2]
  On docket 2297-2011, Defendant was convicted of two counts of Burglary.[3]
  On docket 2298-2011, Defendant was convicted of one count of Burglary.[4]
  On docket 2302-2011, Defendant was convicted of one count of Burglary.[5]

---

[1] 18 Pa. C.S. 901(a).
[2] 18 Pa. C.S. 3502(a).
[3] 18 Pa. C.S. 3502(a).
[4] 18 Pa. C.S. 3502(a).
[5] 18 Pa. C.S. 3502(a).

LANCASTER COUNTY, PA    2014 NOV 12  AM 9:04    CLERK OF COURTS

On docket 2303-2011, Defendant was convicted of one count of Receiving Stolen Property.[6]

On docket 2304-2011, Defendant was convicted of two counts of Burglary.[7]

On docket 2359-2011, Defendant was convicted of one count of Burglary.[8]

On docket 2364-2011, Defendant was convicted of one count of Burglary.[9]

Upon Defendant's convictions, a pre-sentence investigation was ordered and Defendant proceeded to sentencing on December 19, 2012. After reviewing the pre-sentence investigation report, victim impact statements, a letter from Defendant, and hearing the comments of both attorneys, the Court sentenced Defendant as follows:

Docket 2296-2011: On the first count of Attempted Burglary, the Court sentenced Defendant to 2½ to 5 years in a State Correctional Institution. On the second and third counts of Attempted Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution. On Count 4 Burglary, the Court sentenced Defendant to 4 to 10 years in a State Correctional Institution. On Count 5 Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution. These sentences were to run consecutively, for a total of 12½ to 27 years' incarceration.

Docket 2297-2011: On each of the two counts of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution. These sentences were to run consecutively, for a total of 4 to 8 years' incarceration.

Docket 2298-2011: On the single count of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution.

Docket 2302-2011: On the single count of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution.

Docket 2303-2011: On the single count of Receiving Stolen Property, the Court sentenced Defendant to 1 to 2 years in a State Correctional Institution.

Docket 2304-2011: On each of the two counts of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution. These sentences were to run consecutively, for a total of 4 to 8 years' incarceration.

Docket 2359-2011: On the single count of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution.

Docket 2364-2011: On the single count of Burglary, the Court sentenced Defendant to 2 to 4 years in a State Correctional Institution.

---

[6] 18 P.S. 3925(a).
[7] 18 Pa. C.S. 3502(a).
[8] 18 Pa. C.S. 3502(a).
[9] 18 Pa. C.S. 3502(a).

2

Additionally, the Court set each jail sentence consecutive to the jail sentence imposed on the Information prior thereto for an aggregate sentence of incarceration in a State Correctional Institution of not less than 29½ to 61 years' incarceration. Defendant was sentenced within the standard range of the guideline sentence.

On December 28, 2012, Defendant filed a Motion to Modify Sentence, requesting that the sentence be modified so as to permit Defendant to serve the sentences at each count WITHIN a docket number concurrently, as opposed to consecutively to each other, which would decrease his minimum sentence to 17 years. On January 3, 2013, the Commonwealth filed an Answer to Defendant's Motion to Modify Sentence. By Order of January 7, 2013, the Court denied Defendant's Motion to Modify Sentence. On November 8, 2013, Defendant filed a petition under the PCRA alleging ineffective assistance of counsel; on November 13, 2013, the Court appointed counsel to represent Defendant. On June 20, 2014, PCRA counsel filed an amended petition for post-conviction collateral relief, alleging, among other things, that trial counsel failed to file an appeal at Defendant's request. By Answer filed July 18, 2014, the Commonwealth agreed that a hearing should be held; the hearing was scheduled for September 19, 2014. On September 19, 2014, foregoing a hearing, the Court entered an Order reinstating Defendant's appellate rights and granting leave to file an appeal nunc pro tunc. The instant appeal followed.

## DISCUSSION

Defendant alleges the aggregate sentence of not less than 29½ nor more than 61 years of imprisonment is manifestly excessive and constitutes too severe a punishment.

Sentencing is within the sound discretion of the sentencing court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Boyer*, 856 A.2d 149, 153 (Pa.Super. 2004). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial

3

sentencing factors. Additionally, the Court considered the pre-sentence report in detail and stated its reasons for imposing sentence at length on the record. (*See id.* at 12-14). The Court noted that Defendant's age of 31 years indicated a maturity to understand the significance of his actions. (*Id.* at 12). The Court found that Defendant was intelligent enough to understand the significance of his actions having completed eleven years of education, plus training in carpentry, landscaping, and masonry while in Delaware prisons. (*Id.*) The Court noted Defendant's work history, most recently in demolition, which indicates that he can follow directions. (*Id.*)

The Court also read and considered each of the many victim impact statements and letters that were provided to the court. (*Id.* at 13). The Court noted Defendant's extensive criminal history, which started with theft in 1997 and included significant prison time relative to his burglary charge out of the State of Delaware. (*Id.* at 12, 13). The Court considered the effect Defendant's actions had on the community; people felt violated, frightened, insecure, threatened, and vulnerable. (*Id.* at 6-10, 13-14). Additionally, Defendant was unconcerned about causing damage to the homes he burglarized, nor was he concerned about the presence of occupants. (*Id.* at 6, 9, 11). In light of all the factors reviewed on the record, the Court found that incarceration was warranted because a lesser sentence would depreciate the seriousness of Defendant's offenses. (*Id.*) This Court did not grant Defendant a volume discount for multiple home burglaries, but rather imposed jail time for each home entry.

Review of the record reveals that the Court appropriately and meaningfully considered the sentencing factors pursuant to 42 Pa.C.S. § 9721(b). Additionally, the Court was within its discretion in imposing consecutive sentences as permitted by the Sentencing Code. Consecutive sentences are certainly permissible in property crimes, as well as crimes of violence, such as

5

court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa. Super. 2002) (citing *Commonwealth v. Smith*, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996)). A sentence should not be disturbed where the sentencing court was aware of the sentencing considerations and meaningfully weighed them. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000). The imposition of consecutive sentences rather than concurrent sentences lies within the sound discretion of the sentencing court. 42 Pa.C.S. § 9721; *see also Commonwealth v. Booze*, 953 A.2d 1263, 1279 (Pa.Super. 2008).

In fashioning sentence, the court is required to consider protection of the public, gravity of the offense on the victim and community, and rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). The imposition of consecutive sentences rather than concurrent sentences lies within the sound discretion of the sentencing court. 42 Pa.C.S. § 9721; *see also Commonwealth v. Booze*, 953 A.2d 1263, 1279 (Pa.Super. 2008). The sentencing court must consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing, *id.*; however, upon considering the sentencing factors, the court may, in its discretion, impose a sentence outside the guidelines. *Commonwealth v. Lawson*, 437 Pa. Super. 521, 650 A.2d 876, 881 (1994). Also, where a sentencing judge has the benefit of a pre-sentence report, a presumption exists that he was aware of and adequately considered the defendant's relevant character information and mitigating factors. *See Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988).

Here, the Court had the benefit of a pre-sentence report. (N.T. Sentencing, 12/19/12, at 3). Thus, the presumption exists that the Court was aware of and appropriately weighed the

4

burglaries committed when persons are home. Additionally, the sentences did not amount to life sentences since they would allow Defendant to be paroled in his early 60s. Lastly, the Court sentenced Defendant within the standard range on each and every count. As such, Defendant's claim is without merit.

Accordingly, the Court respectfully submits that Defendant's appeal should be dismissed and his judgment of sentence affirmed.

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

BY THE COURT:

HOWARD F. KNISELY
JUDGE

2014 NOV 12 AM 9: 08
LANCASTER COUNTY, PA
CLERK OF COURTS

Copies to:     Todd E. Brown, Assistant District Attorney
              Vincent J. Quinn, 1347 Fruitville Pike, Lancaster, PA 17601

6