**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN CHARLES BIRCHALL, | : | |
| | : | |
| Appellant | : | No. 2115 MDA 2015 |

Appeal from the Judgment of Sentence November 5, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000971-2012

BEFORE:    STABILE, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 26, 2016**

John Charles Birchall (Appellant) appeals from the November 5, 2015 judgment of sentence entered after the revocation of his probation.  We affirm.

Appellant has an extensive criminal history.  At the docket number at which this appeal was filed, Appellant was on probation following a guilty plea to retail theft.  On September 1, 2015, the trial court found that Appellant violated the terms of his probation by, *inter alia*, incurring new criminal charges, failing to report for probation appointments, and lying to the court.[1]  Trial Court Opinion, 1/5/2016, at 1-2.  Following the preparation

---

[1] At the same time, and for the same reasons, the trial court revoked Appellant's parole at four other docket numbers related to Appellant's convictions for various theft-related crimes and simple assault.  Trial Court Opinion, 1/5/2016, at 1-2.

*Retired Senior Judge assigned to the Superior Court.

and review of a presentence investigation, the trial court sentenced Appellant to 30 to 60 months of imprisonment. Appellant timely filed a post-sentence motion to modify sentence, then filed a notice of appeal before the trial court ruled on the motion.

On appeal, Appellant claims that his sentence is "manifestly excessive as to constitute too severe a punishment and contrary to the fundamental norms underlying the sentencing process." Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. We consider his question mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the

appellant has invoked our jurisdiction by considering the following four factors:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to modify sentence. Further, Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f), wherein he appears to claim that his sentence is excessive "in light of the underlying technical violations" of the terms of his probation, Appellant's Brief at 8-9 (quoting ***Commonwealth v. Carver***, 923 A.2d 495 (Pa. Super. 2007); and that the trial court failed to consider Appellant's rehabilitative needs, *id.* at 9.

A claim that the trial court failed to consider Appellant's rehabilitative needs does not raise a substantial question.[2] ***See***, ***e.g.***, ***Commonwealth v.***

---

[2] Further, because the trial court had the benefit of a presentence investigation report, it is presumed that it considered the relevant mitigating factors. ***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004) ("[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

*Griffin*, 65 A.3d 932, 936-37 (Pa. Super. 2013) (collecting cases); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa. Super. 1994) (holding substantial question was not presented by claim that trial court ignored the appellant's rehabilitative needs).

However, this Court has held that "[a]n argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." *Commonwealth v. Schutzues*, 54 A.3d 86, 98 (Pa. Super. 2012). Accordingly, we review the merits of that claim.

Regarding prison sentences imposed following the revocation of probation, the Sentencing Code provides as follows:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

The trial court offered the following explanation for its sentence.

> [The trial c]ourt noted that at age 57, [Appellant] has sufficient maturity to understand the significance of his acts; he is intelligent enough to understand the significance of his acts, having received a high school diploma, and served in the United States Air Force; and he has work history, predominantly in the restaurant business, indicating he can follow instructions. [The

trial c]ourt also considered [Appellant's] lengthy criminal record. More specifically, including the five criminal informations before the [c]ourt on the instant case, the [c]ourt noted that between 1986 and 2012, [Appellant] amassed a criminal record consisting of convictions for aggravated assault with a weapon, robbery, simple assault, numerous trespass offenses, and at least a dozen retail thefts. Additionally, the [c]ourt considered that [Appellant] has also been incarcerated in state correctional facilities in Kentucky, Arizona, Nevada, and Iowa.

Th[e trial c]ourt also noted [Appellant's] long-term, heavy abuse of drugs and alcohol. [It] further noted that [Appellant], over the period of years when he continuously engaged in criminal activity, also engaged in acts demonstrating a pattern of willful deception – he used in excess of twenty different aliases, provided more than five dates of birth, and offered at least six different social security numbers. The [trial c]ourt also considered that [Appellant's] propensity for dishonesty appears to still be ongoing; [Appellant] lied to the [c]ourt in 2014 when he appeared before the Honorable Margaret C. Miller relative to these same probation and parole sentences. Specifically, [Appellant] informed the [c]ourt that he had a bed date at the Veterans' Affairs Hospital in Lebanon, Pennsylvania when, in fact, the program [Appellant] claimed to be entering was not even in existence at that time. Additionally, upon his release from prison and placement on house arrest, [Appellant] failed to provide an approved address to serve his sentence. In addition to considering [Appellant's] prior history, th[e trial c]ourt considered that [Appellant] has violated his probation and parole numerous times, dating back to at least 1989. The most recent violations – which include [Appellant's] disappearance, [his] failure to report as required, and [his] receipt of new charges in Chester County, Pennsylvania – align with the clear pattern of dishonest and criminal behavior that [Appellant] has consistently engaged in for nearly the past three decades.

Moreover, the [trial c]ourt considered the presentence report and the penalties authorized by the Legislature. The [trial c]ourt also properly accounted for the arguments of [Appellant's] counsel, as well as the statements and character of [Appellant]. In light of all factors reviewed on record, th[e trial c][ourt found incarceration was warranted because a lesser sentence would depreciate the seriousness of [Appellant's] crimes, the

seriousness of his total lack of concern for court orders, and the length of time for which [Appellant] has constantly failed to be a part of the criminal justice system in Lancaster County.

Trial Court Opinion, 1/5/2016, at 5-7 (footnotes omitted).

The trial court's findings are supported by the record. **See** N.T., 11/5/2015, at 6-9. Those findings support its conclusion that probation has been ineffective in rehabilitating Appellant and that a significant prison sentence is necessary to vindicate the authority of the court and protect the public. **See**, **e.g.**, **Commonwealth v. Sierra**, 752 A.2d 910, 915 (Pa. Super. 2000) (holding no abuse of discretion in sentencing the defendant to the statutory maximum following probation revocation where the judge found the defendant "had been feigning certain mental problems as a means to manipulate the criminal justice system" and "that she was a 'time bomb ticking' with her history of violent behavior and that both she and society needed protection"). Accordingly, we discern no abuse of discretion in the trial court's decision to sentence Appellant to 30 to 60 months of imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016