J-S54023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HANK CALVIN PETRILLO | |
| Appellant | No. 131 WDA 2017 |

Appeal from the Judgment of Sentence November 30, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000381-2016

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED NOVEMBER 16, 2017**

Hank Calvin Petrillo appeals from the November 30, 2016 judgment of sentence entered in the Clearfield County Court of Common Pleas following his conviction for possession with intent to deliver a controlled substance ("PWID") and conspiracy to commit PWID.[1]  We affirm.

The trial court set forth the history of this case as follows:

> [O]n November 22, 2016, [Petrillo] entered Open Pleas of Guilt to Possession with Intent to Deliver a Controlled Substance [("PWID")], and Criminal Conspiracy to Commit [PWID], both being ungraded Felonies.  [Petrillo] was consequently sentenced to concurrent periods of incarceration for each count, both having a minimum

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

period of twenty-seven (27) months and a maximum period of fifty-four (54) months.

On November 30, 2016, [Petrillo] filed a Post-Sentence Motion to Modify Sentence, which was ultimately denied by this Court on December 22, 2016 following argument. [Petrillo] then filed a timely Notice of Appeal on January 16, 2016.

Opinion pursuant to Pa.R.A.P. 1925(a), 2/10/17, at 1 ("1925(a) Op.").

On appeal, Petrillo raises the following issue:

Whether the sentencing court abused its discretion when it denied [Petrillo]'s request for the sentencing order to include authorization to participate in the Department of Correction[s'] Motivational Boot Camp[2] in that it: failed to indicate why [Petrillo] would be inappropriate for placement in a Motivational Boot Camp, failed to account for the rehabilitative need of [Petrillo], and was manifestly unreasonable to not grant [Petrillo]'s request[.]

Petrillo's Br. at 5 (full capitalization omitted).

Petrillo is challenging the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058,

---

[2] Motivational Boot Camp is a six-month program in which eligible inmates may participate. The program "provide[s] for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, continuing education, vocational training, prerelease counseling and community corrections aftercare." 61 Pa.C.S. § 3903. Section 3904(b) of the Prisons and Parole Code grants the sentencing judge "the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp." 61 Pa.C.S. § 3904(b).

1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Petrillo filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

We evaluate whether a particular issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa.Super. 2012)).

Petrillo claims that the trial court abused its discretion by not designating him as eligible for placement in the Motivational Boot Camp program. In essence, Petrillo argues that because participation in boot camp would best serve his rehabilitative needs, particularly his need for "more intensive drug addiction counseling as opposed to the traditional prison setting," the trial court should have "authoriz[ed] him for boot camp." Petrillo's Br. at 13. Ordinarily, an allegation that a sentence failed to accord proper weight to a sentencing factor, such as a defendant's rehabilitative needs, does not raise a substantial question. *See Commonwealth v. Haynes*, 125 A.3d 800, 807 (Pa.Super. 2015); *Commonwealth v. Cannon*, 954 A.2d 1222, 1228-29 (Pa.Super. 2008); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa.Super. 2001); *Commonwealth v. Lawson*, 650 A.2d 876, 881 (Pa.Super. 1994). Petrillo has failed to persuade us that his claim is outside the ordinary. Accordingly, Petrillo has failed to raise a substantial question and we are without jurisdiction to review his claim.

Even had Petrillo raised a substantial question, we would conclude that the trial court did not abuse its discretion. At sentencing, Petrillo requested the trial court's authorization to participate in the Motivational Boot Camp

program.[3]  N.T., 11/22/16, at 6.  The Commonwealth objected, arguing that

"I'm not sure . . . how that would work with the Jefferson County

sentence.[4]. . .  I don't think that's necessarily a reasonable option for Mr.

Petrillo at this point."  *Id.* at 8.  The Commonwealth also stated that it didn't

"believe he's an appropriate candidate, because of the length of his prior

record and multiple offenses contained therein."  *Id.*  The trial court found:

> Much like sentencing generally, a court's designation of a defendant as boot camp eligible is discretionary.  *See* 61 Pa.C.S. § 3904(b).  Thus, the Court is not required to authorize a defendant's participation in boot camp simply because a defendant requests this alternative.  Moreover, even when a trial judge identifies a defendant as eligible for participation in boot camp, the defendant's participation is contingent upon his approval by a motivational boot camp selection committee.  *See* 61 Pa.C.S. § 3906(b).  Therefore, [Petrillo]'s actual participation in a motivational boot camp would have been uncertain even if the Court had granted his initial participation request.  However, it remains that because the Court's decision to deny [Petrillo]'s request for boot camp was entirely discretionary, the Court did not err in its decision.

1925(a) Op. at 2.  We agree.

_____

[3] In his post-sentence motion, Petrillo claimed he was eligible for the program because he was an addict and because the Department of Corrections evaluated him and determined "he was a fit and appropriate candidate for [state intermediate punishment]."  N.T., 12/22/16, 2-3.  In contrast, the Commonwealth argued that Petrillo had a "long and lengthy prior record" and that Petrillo would not be an appropriate candidate.  *Id.* at 4.  The trial court denied Petrillo's motion.  *Id.* at 6.

[4] At the time of sentencing, Petrillo was incarcerated in Jefferson County on an unrelated conviction.  N.T., 11/22/16, at 4.

Finally, to the extent that Petrillo claims that the trial court was required to state its reasons for denying boot-camp eligibility on the record, his claim is unavailing. Nothing in section 3904(b) requires a trial court to state on the record its reasons for not finding a defendant eligible for the Motivational Boot Camp program. **See** 61 Pa.C.S. § 3904(b).[5]

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

---

[5] Section 3904(b) states:

> **(b) Duties of sentencing judge.**--The sentencing judge shall employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program.

61 Pa.C.S. § 3904(b).

Date:  11/16/2017